UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| VANZ, LLC,<br><br>         Plaintiff,<br>v.<br><br>MATTIA & ASSOCIATES et al,<br>         Defendants. | Civil Action No.<br><br>2:13-cv-01392-SDW-SCM<br><br>**ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**[D.E. 56,69]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

**I. INTRODUCTION**

This matter comes before the Court upon Defendant PMD Financial Group, LLC's Motions to Dismiss the Complaint and the Cross-Claim for Lack of Personal Jurisdiction.[1] The Honorable Susan D. Wigenton, U.S.D.J., referred these motions to the undersigned for a Report and Recommendation. Upon consideration of the parties' submissions, the oral arguments heard on April 28, 2016, and for the reasons stated below, it is respectfully recommended that Defendant PMD Financial Group, LLC's Motions to Dismiss for Lack of Personal Jurisdiction be **GRANTED**.

---

[1] (ECF Docket Entry No. ("D.E.") 56, 69).

## II. BACKGROUND AND PROCEDURAL HISTORY

This case involves alleged fraud in the sale and purchase of consumer credit card debt by a debt collection firm. Plaintiff Vanz, LLC ("Vanz") is a limited liability company.[2] It has two individual members whom are citizens of New Jersey and three trusts with Nevada citizenship.[3] Vanz is engaged in the business of purchasing portfolios of non-performing debt.[4] After purchasing the portfolios, Vanz or its attorneys attempt to collect the debts from named individual accounts.[5]

Defendant PMD Financial Group, LLC ("PMD") is a limited liability company.[6] It has four members, two are citizens of Massachusetts and two are citizens of New Hampshire.[7] PMD is engaged in the buying and selling of portfolios of non-performing debt.[8]

---

[2] (D.E. 44, Am. Compl., at 1).

[3] (D.E. 79, Cert. of Thomas Mesce, filed May 13, 2016, at ¶¶ 2-4).

[4] (*Id*. at 2).

[5] (*Id*.).

[6] (D.E. 56-1, Decl. of David Arsenault, dated January 27, 2016 at ¶2).

[7] (D.E. 78, Decl. of David Arsenault, dated May 2016 at ¶¶ 2-6).

[8] (D.E. 56-1 at ¶3).

Defendant Mattia and Associates ("Mattia") and its individually named employee-defendants, George Mattia and Craig Geisler, are in the business of locating and purchasing non-performing debt portfolios which it flips to purchasers, like Vanz.[9] Mattia and Associates is a California corporation, while George Mattia and Craig Geisler are both citizens of Florida.[10]

The issue before the Court involves the sale of a single portfolio of delinquent accounts to Vanz. The single portfolio consisted of nonperforming Chase credit card debts (the "Chase Portfolio").[11] The Chase Portfolio was originally purchased by PMD from a nonparty with a total current portfolio balance of $15,832,271.02.[12] PMD subsequently sold the Chase Portfolio to Mattia on October 13, 2011, and Mattia then sold the same portfolio to Vanz that same day, representing the portfolio had a higher current balance of $21,442,947.29.[13] Vanz calculated its purchase price based on the portfolio's current balance at the

---

[9] (D.E. 44 at 2-4).

[10] (*Id.* at ¶¶4,5).

[11] (D.E. 56-1 at ¶¶4,5).

[12] (*Id.* at ¶5; D.E. 44 at 4).

[13] (D.E. 44, Am. Compl. at 3).

time of sale and the alleged inflated value of the Chase Portfolio caused Vanz to overpay.[14]

The negotiation between PMD and the Mattia Defendants regarding their transaction of the Chase Portfolio occurred via a single telephone call.[15] Vanz' employee, Mr. Mesce, states that he participated in this telephone call, although PMD asserts they were not aware of this fact and did not invite Vanz to conference into the telephone call.[16] Vanz was not otherwise involved in the transaction between PMD and Mattia.[17]

The Chase Portfolio contains accounts of 105 New Jersey residents which PMD did not attempt to collect from or contact.[18] PMD maintains a website but it was not used during PMD's sale of the Chase Portfolio to Mattia.[19]

On March 7, 2013, Vanz filed a Complaint in this Court for violations of the Fair Debt Collection Practices Act, fraudulent inducement, breach of contract, breach of the covenant of good

---

[14] (D.E. 44 at 3).

[15] (*Id.* at 6-10).

[16] (D.E. 65-1, Cert. of Thomas Mesce, dated March 11, 2016, at ¶¶ 3,4,5; D.E. 66-1, Am. Decl. of David Arsenault, dated March 15, 2016 at ¶4).

[17] (*Id.*).

[18] (D.E. 65-1 at ¶ 7; D.E. 66-1 at ¶ 3).

[19] (D.E. 65-1 at ¶ 8; D.E. 66-1 at ¶ 5).

faith and fair dealing, breach of fiduciary duty, and the Racketeer Influenced and Corrupt Organizations (RICO) Act against the Mattia and its employee-defendants.[20] After substantial discovery, Vanz filed an amended complaint adding PMD as a defendant on December 4, 2015.[21] On January 11, 2016 defendant Geisler filed a cross-claim against PMD for contribution and indemnification.[22]

On February 2, 2016 and March 23, 2016, PMD filed the instant motions, which both seek to dismiss the Complaint and Cross-Claim for lack of personal jurisdiction.[23] Vanz filed their opposition on March 11, 2016[24] and Geisler has not opposed the Motion to Dismiss his cross-claim against PMD.

### III. **LEGAL STANDARD**

A district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted under the forum

---

[20] (D.E. 1 at 2-14).

[21] See (D.E. 44, Am. Compl.).

[22] See (D.E. 51, Geisler Cross-cl. at 13-15).

[23] See (D.E. 56-2, Mem. of Law in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction; D.E. 69, Mot. to Dismiss for Lack of Personal Jurisdiction).

[24] See (D.E. 65, Mem. in Opp'n).

5

state's long-arm statute.[25] New Jersey's long-arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process"[26] of the Fourteenth Amendment, which requires "individuals to have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."[27] Consistent with the Due Process Clause, a court may assert personal jurisdiction so long as the defendant has "certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[28]

"Once a defendant challenges a court's exercise of personal jurisdiction over it"[29] the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper."[30] A court must accept as true the allegations in the complaint and

---

[25] *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 31 (3d Cir.1993).

[26] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

[27] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

[28] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316-17 (3d Cir. 2007) (internal citations omitted).

[29] *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir.2009).

[30] *Id.* (internal citations omitted).

"resolve disputed issues of fact in favor of the plaintiff."[31] However, the plaintiff cannot rely on the pleadings alone and must provide actual proofs.[32]

A court can assert either general or specific jurisdiction over a defendant.[33] General jurisdiction may be asserted over citizen-defendants, but for non-citizen defendants requires the defendant to have "continuous and systematic" contacts with the forum state.[34] These contacts need not relate to the subject matter of the litigation.[35] However, general jurisdiction requires "a very high threshold of business activity."[36]

Specific jurisdiction, on the other hand, requires the defendant to have minimum contacts with the forum state.[37] In addition, the lawsuit must "arise out of" or "relate to" these

---

[31] *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004); see also *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 142 n. 1, 146 (3d Cir.1992).

[32] *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir.1984).

[33] *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir.2009).

[34] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

[35] *Id.* at 415 n. 10.

[36] *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 n. 2 (3d Cir.1981).

[37] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–74 (1985).

minimum contacts.[38] Furthermore, the defendant must have purposefully availed itself of the forum such that it "should reasonably anticipate being haled into court" there, having invoked the benefits and protections of the forum's laws.[39] The Third Circuit has summarized this analysis in three parts: (i) "the defendant must have 'purposefully directed [its] activities' at the forum"; (ii) "the litigation must 'arise out of or relate to' at least one of those activities"; and (iii) "if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"[40]

In addition to the above purposeful availment inquiry, a court may exercise personal jurisdiction over a non-resident defendant based on the effects of the defendant's conduct in the forum state.[41] "The effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth."[42] The Third Circuit has interpreted the "effects

---

[38] *Id.*

[39] *Id.* at 474-75.

[40] *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,* 566 F.3d 94, 102 (3d Cir. 2009).

[41] *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (citing *Calder v. Jones*, 465 U.S. 783, (1984)).

[42] *Id.*

test" from the Supreme Courts decision in *Calder v. Jones*[43] to permit the plaintiff to demonstrate personal jurisdiction by showing: (i) the defendant committed an intentional tort; (ii) the plaintiff felt the brunt of the harm caused by that tort in the forum; and (iii) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.[44]

## IV. PERSONAL JURISDICTION DISCUSSION AND ANALYSIS

Plaintiff Vanz concedes that general jurisdiction cannot be exercised over PMD in this matter[45] and has not presented sufficient facts to make a *prima facie* case for specific jurisdiction under either the minimum contacts or the effects test. In reaching this conclusion, the Court considers the pleadings along with the declarations and other competent evidence the parties submitted in their papers.[46]

---

[43] 465 U.S. 783, (1984).

[44] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir.1998).

[45] (D.E. 65, Pl. Opp. at 4).

[46] *See* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1351 (3d ed.)

PMD is a limited liability company.[47] The citizenship of a limited liability company is determined by the citizenship of each of its members or partners.[48] The citizenship of a natural person is determined by their domicile, not their residence(s).[49] That is because a natural person may have many residences, but only one domicile. Domicile is the location of a person's "true fixed home . . . to which, whenever he is absent, he has the intention of returning."[50]

PMD has four members-- two are citizens of Massachusetts and two are citizens of New Hampshire.[51] Therefore, PMD is a citizen of both Massachusetts and New Hampshire.

### A. Minimum Contacts

PMD argues that the Court lacks personal jurisdiction over it because it does not have a presence in this District, PMD's actions concerning the Chase Portfolio were limited to the sale of the same to Mattia and Associates, and any other limited

---

[47] (D.E. 56-1, Decl. of David Arsenault, dated January 27, 2016 at ¶2).

[48] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[49] *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419.

[50] Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).

[51] (D.E. 78, Decl. of David Arsenault, dated May 2016 at ¶¶ 2-6).

contact with this forum is unrelated to this action.[52] In response, Vanz has failed to produce any evidence that PMD has "purposefully directed its activities" at the residents of this forum or that any of PMD's limited contacts with this forum relate to the subject of this litigation. Vanz' Amended Complaint only asserts that PMD sold the Chase Portfolio to Mattia and does not allege that any of PMD's activities related to the Chase Portfolio were directed to this forum.[53]

Vanz has attempted to bolster this deficiency in its opposition to the motion by disputing factual assertions of PMD's affiant, Mr. Arsenault. Vanz, via certification of its managing member Thomas Mesce, states that Vanz was involved a telephone call between PMD and Mattia prior to the Chase Portfolio's purchase.[54] PMD denies this assertion outright.[55] The questionable, self-serving nature of Vanz' assertion coupled with its complete lack of mention in the Amended Complaint aside, the factual record is still insufficiently clear to conclude that PMD purposefully directed any telephone call to Vanz. If, as suggested in PMD's reply brief, Vanz was

---

[52] (D.E. 56-2 at 8).

[53] (D.E. 44 at 4).

[54] (D.E. 65-1, Mesce Cert. at ¶¶ 3,5,6).

[55] (D.E. 66-1, Arsenault Am. Decl. at ¶ 4).

11

conferenced into the telephone call unbeknownst to PMD, it was due to the unilateral conduct of Mattia. Since the "unilateral activity of another party ... is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum"[56], PMD cannot become subject to personal jurisdiction based on the unilateral conduct of Mattia.

Additionally, Vanz incorrectly argues that because PMD's website is accessible in this forum, that specific jurisdiction therefore attaches. To determine whether specific jurisdiction exists over an internet website, the Third Circuit applies the "sliding scale" analysis.[57] Personal jurisdiction exists "[i]n cases where the defendant is clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the web site."[58] However, Vanz does not claim in its Amended Complaint, its opposition to PMD's Motion to Dismiss, or in any supplied affidavits that its claim related to the Chase Portfolio relates or arose out of the use and operation of PMD's web site. Accordingly, PMD's website does not subject it to specific jurisdiction.

---

[56] *Helicopteros*, 466 U.S. at 417.

[57] *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123-24 (W.D.Pa.1997); see *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir.2003).

[58] *Zippo Manufacturing,* 952 F.Supp. at 1123.

### B. Effects Test

The Court concludes that Vanz has failed to satisfy the second prong of the *Calder* "effects test."[59] To demonstrate personal jurisdiction under the effects test, Vanz must show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum...."[60] Here, Vanz argues that the brunt of the harm caused by PMD's allegedly tortious conduct is suffered by the individual account holders in the Chase Portfolio, which contains 105 New Jersey residents among others.[61] However, Vanz is the plaintiff in this action, not the New Jersey account holders. Accordingly, Vanz fails to persuade this Court that PMD knew that Vanz would suffer the brunt of the harm by its alleged tortious conduct.

---

[59] *See Marten*, 499 F.3d at 297(internal citations omitted).

[60] *IMP Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir.1998).

[61] (D.E. 65 at 8).

C. **CONCLUSION**

For the reasons articulated herein, it is respectfully recommended that defendant PMD Financial Group, LLC's motions to dismiss the amended complaint and the cross-claim filed by cross-claimant Geisler for lack of personal jurisdiction be **GRANTED**. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/17/2016 2:39:00 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

14