UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| VANZ, LLC, <br><br>               Plaintiff, <br><br> v. <br><br> MATTIA & ASSOCIATES et al, <br><br>            Defendants. | Civil Action No. <br><br> 2:13-cv-01392-SDW-SCM <br><br><br> **ON PLAINTIFF'S REQUEST TO STRIKE ANSWER AND ENTER DEFAULT [D.E. 95]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

Before the Court is Plaintiff, Vanz, LLC's ("Vanz") request to enter default as to Defendant Craig Geisler ("Mr. Geisler").[1] Mr. Geisler did not oppose the request. The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for report and recommendation.[2]  For the reasons set forth herein, it is respectfully recommended that Vanz's motion be **GRANTED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

In this action, Vanz alleges that Mattia & Associates breached a sales contract, whereby Vanz purchased different portfolios of non performing credit card and auto loan debt accounts.[3] Vanz alleges that Mattia & Associates' Chief Operating Officer, Mr. Geisler, in part, fraudulently

---

[1] (ECF Docket Entry No. ("D.E.") 94).

[2] See L. Civ. R. 72.1(a)(2).

[3] (D.E. 94).

inflated the value of the debt portfolios sold, and further failed to alert Vanz to the fact that debt collected from the portfolios was subject to Federal Debt Collection Act liability.[4]

On July 7, 2016, Mr. Geisler's counsel, Seidman & Pincus, LLC ("S&P") moved to withdraw from the case.[5] Oral argument on the motion was held on August 19, 2016 at which time Mr. Geisler consented to S&P's withdrawal. At the hearing, Mr. Geisler was told of his responsibilities should he choose to proceed *pro se*. On August 25, 2016, the Court granted S&P's motion and ordered Mr. Geisler to engage suitable replacement counsel within 30 days or defend himself *pro se*.[6] The following day, August 26, 2016, the Court filed a revised scheduling order, which scheduled both a telephone conference on September 7, 2016, and a Final Pretrial Conference on October 14, 2016.[7] That Order advised as follows: "FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS."[8]

At the September 7th telephone conference, the Court once again reminded Mr. Geisler of his responsibilities in representing himself *pro se*, and explicitly instructed him to attend the Final Pretrial Conference.[9] Mr. Geisler failed to contribute to the proposed Final Pretrial Order or confer with Vanz prior to the Final Pretrial Conference, despite the previously issued Scheduling Order

---

[4] (*Id.*).

[5] (D.E. 84).

[6] (D.E. 88).

[7] (D.E. 90).

[8] (*Id.*).

[9] (D.E. 92).

instructions.[10] Vanz filed its proposed order unilaterally, noting that it had been unable to get in contact with Mr. Geisler for some time, only to later learn Mr. Geisler was planning to file for bankruptcy, for which he had retained counsel.[11] However, after considerable effort the Court learned that Mr. Geisler's bankruptcy counsel would not be representing him in the above captioned civil case. Nor was the Court provided any evidence of a bankruptcy filing.

Mr. Geisler failed to appear at the Final Pretrial Conference on October 14, 2016.[12] Over the course of the following three weeks the Court attempted unsuccessfully to get ahold of Mr. Geisler. On November 7, 2016, the Court Ordered Mr. Geisler to show cause why he should not be subject to sanctions, including but not limited to having his answer stricken pursuant to Federal Rule of Civil Procedure 16(f), Federal Rule of Civil Procedure 37, and 28 U.S.C. § 1927 for failing to comply with an order of the Court.[13] Mr. Geisler never responded nor did he appear for the show cause hearing on November 30, 2016.

## II.   LEGAL STANDARD AND ANALYSIS

The Court may schedule a final pretrial conference, at which time *all* parties must be present, either in person or represented by their attorney.[14] Rule 16(f) authorizes sanctions for failure to adhere to the Court's scheduling orders.[15]  It provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a

---

[10] (*See* D.E. 87).

[11] (D.E. 91).

[12] (D.E. 92).

[13] (*Id.*).

[14] Fed R. Civ. P. 16(e) (emphasis added).

[15] *Id.*

scheduling or other pretrial order."[16]  This provision expressly incorporates the menu of sanctions

available in Rule 37(b)(2)(A)(ii)-(vii).[17]  Such possible sanctions include striking the disobedient

party's pleadings in whole or in part,[18] or rendering a default judgment against the absent party.[19]

Before imposing a Rule 37 sanction that will effectively dispose of the case or pave the

way for default judgment, the Court must consider and weigh six factors as outlined by the Third

Circuit in *Poulis v. State Farm Fire & Casualty Co*.[20]  The *Poulis* analysis calls on the Court to

consider:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[21]

The Court is required to balance each factor in its analysis and no single factor is determinative.[22]

The Court will address each factor in turn.

### A.   *Extent of Party's Personal Responsibility*

With respect to the first *Poulis* factor, the Court finds that Mr. Geisler is personally

---

[16] Fed. R. Civ.P. 16(f)(1)(C).

[17] Fed. R. Civ. P. 16(f)(1).

[18] Fed. R. Civ. P. 37(b)(2)(A)(iii).

[19] *Id*. at (vi).

[20] 747 F.2d 863 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default because they inevitably lead to liability for one party.").

[21] *See Poulis*, 747 F.2d at 868.

[22] *See Stezzi v. Citizens Bank of PA*, 542 F. App'x 124, 126 (3d Cir. 2013).

responsible for his failure to comply with the August 19, 2016 Order requiring him to contribute to Vanz's Proposed Pretrial Order and appear at the Final Pretrial Conference.[23] The Court also finds Mr. Geisler personally responsible for his failure to comply with the Court's November 7, 2016 Order to Show Cause, and subsequent failure to appear at the November 30, 2016 hearing on said Order.[24] All litigants must comply with court orders.[25] "When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."[26] Mr. Geisler has flouted his obligations. He has failed to comply with court orders or to appear for court conferences. Mr. Geisler failed to show cause as to why sanctions should not be entered against him, and has not provided the Court or opposing counsel with an explanation for his failure to participate. Thus, the first *Poulis* factor weighs in favor of Vanz's request.

### B. *Prejudice to Plaintiff*

The Second *Poulis* factor requires examination of the prejudice to other parties caused by the delay. This factor weighs in favor of sanctions. Evidence of prejudice to an adversary "would bear substantial weight in support of a dismissal or default judgment."[27] Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."[28] "While prejudice for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden

---

[23] (D.E. 87).

[24] (D.E. 92).

[25] *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (internal citations omitted).

[26] *Id.*

[27] *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

[28] *Id.*

imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."[29] Mr. Geisler's failure to comply with this Court's orders has caused a virtual standstill in Vanz's prosecution of this case, forcing Vanz to engage in otherwise unnecessary motion practice and incur additional litigation fees. Thus, the second *Poulis* factor weighs in favor of Vanz's request.

  *C.  History of Dilatoriness*

  With respect to the third *Poulis* factor, the record shows Mr. Geisler's history of dilatoriness since deciding to represent himself *pro se*. Under *Poulis*, "time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation."[30] This includes consistent tardiness in complying with court orders.[31] If unable to comply with the time limits this Court imposes, a party may request an extension. Thus, "a history of [one party] ignoring these time limits is intolerable."[32]

  Mr. Geisler has appeared for one scheduled conference in the four months since his counsel, S&P, withdrew their representation. Despite the Court instructing Mr. Geisler to appear at the September 14, 2016 Final Pretrial Conference, Mr. Geisler neither appeared nor contributed to the proposed pretrial order as required by the August 19, 2016 scheduling order.[33] Mr. Geisler failed to show cause why sanctions should not be imposed against him for his failure to appear on September 14, 2016, and further, failed to appear at the oral argument on the show cause order.

---

[29] *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

[30] *Poulis*, 747 F.2d at 868.

[31] *See Adams v. Tr. of the N.J. Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

[32] *Poulis*, 747 F.2d 868.

[33] (D.E. 87).

His absence and continued evasion of this Court's orders weigh in favor of Vanz's request.

D. *Willfulness or Bad Faith*

The fourth *Poulis* factor looks to whether the actions of a party suggest willfulness or bad faith. The Court finds willfulness or bad faith where no reasonable excuse for the conduct exists.[34] As Mr. Geisler has failed to appear at conferences despite explicit instruction from the Court, or to explain his dilatoriness, the Court is compelled to conclude that his actions are not accidental or inadvertent, but willful. Thus, the fourth *Poulis* factor weighs in favor of Vanz's request.

E. *Alternative Sanctions*

With respect to the fifth *Poulis* factor, the Court considers whether alternative sanctions would be effective. "The defendant's nonresponsiveness despite notice of these proceedings and the consequences…demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default…will cure the prejudice."[35] Lesser sanctions may not be an effective alternative when confronted with a litigant who will not comply with court orders.[36] Mr. Geisler has had multiple opportunities to appear and defend himself in this action but has failed to do so, despite the Court's instruction and attempts to contact him. The Court finds that the appropriate sanction for his failure to comply with a court order and failure to show cause why he should not be sanctioned, is striking Mr. Geisler's Answer and entering default against him.

F. *Meritoriousness of Defenses*

The Court declines to address the sixth and final *Poulis* factor due to the overwhelming

---

[34] *See Ware*, 322 F.3d at 224.

[35] *Temptime Corp. v. Timestrip PLC*, No. 08-427, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009).

[36] *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cit. 2008).

balance of factors weighing in favor of Vanz's request. "Each factor need not be satisfied for the trial court to dismiss a claim" as *Poulis* is a balancing test.[37] As five out of the six factors support Vanz's request, the sanction of striking the Answer and entering default is appropriate. The case cannot be prepared for trial without Mr. Geisler's compliance.  His pleading should therefore be stricken pursuant to Rules 16(f) and 37(b)(2)(A)(v) and default entered against him.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's motion to strike Defendant Geisler's pleading and for entry of default be **GRANTED**. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[38] "The District Court need not consider frivolous, conclusive, or general objections."[39]

The Clerk of the Court shall mail copies of this Report and Recommendation to the Defendant at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/25/2017 11:42:15 AM

Original: Clerk of the Court
cc:      Hon. Susan D. Wigenton, U.S.D.J.
         All parties
         File

---

[37] *Ware*, 322 F.3d at 221.

[38]  28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[39] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

c (via U.S. Mail):

Mr. Craig M. Geisler
14448 Paddock Drive
Wellington, FL 33414