<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 19, 2021

Robert J. Di Lauri, Esq.
Di Lauri & Hewitt Law Group, LLC
55 Madison Ave., Suite 400
Morristown, NJ 07960
*Counsel for Defendant Craig Geisler*

Gregg P. Tabakin, Esq.
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive, Suite 201
*Counsel for Plainitff Vanz, LLC*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:    Vanz, LLC v. Mattia & Associates, et al.**
**Civil Action No. 13-1392 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Craig Geisler's ("Defendant") Motion to Vacate Default entered against him on February 10, 2017.  (D.E. 123.)  This Court, having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, grants Defendant's motion.

## <u>DISCUSSION</u>

A.  <u>Standard of Review</u>

Rule 55(c) provides that a court may "set aside an entry of default for good cause . . .." When considering whether to vacate a default, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985); *see also Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598 (D.N.J. 2003).

B.  There is Good Cause to Vacate Entry of Default

This Court assumes the parties' familiarity with the lengthy procedural history of this matter and sets forth only the facts necessary and relevant to its decision.  Plaintiff initially filed suit in early 2013.  (D.E. 1.)  During the first three years this case was pending, Defendant was represented by counsel and litigation proceeded without incident.  Defendant timely answered both the Complaint and Amended Complaint, and actively participated in discovery.  (*See, e.g.*, D.E. 23, 51.)  In July 2016, Defendant's counsel moved to withdraw due to Defendant's inability to pay for legal services.  (D.E. 84; D.E. 123-1 ¶¶ 7-10.)  The motion was granted, and Defendant was given thirty (30) days to find new representation.  (D.E. 88.)  Defendant attempted to find new counsel and believed that he had retained an attorney in September 2016.  That attorney never entered an appearance, however, and Defendant remained unrepresented until 2021.  (D.E. 123-1 ¶¶ 11-14; D.E. 118.)  In the interim, default was entered against Defendant as a sanction for failing to appear for a final pretrial conference.  (D.E. 95-97.)

On June 28, 2017, Plaintiff moved for default judgment against Defendant, (D.E. 102), but a month later this matter was administratively terminated pending the outcome of Defendant's bankruptcy filing, and the motion was never decided.  (D.E. 103-04.)  Defendant claims he was not notified when the case was reopened and only learned that Plaintiff's suit was ongoing when he received a letter from Plaintiff's counsel on February 17, 2021.  (D.E. 123-1 ¶ 21.)  At that time, Defendant hired counsel and filed the instant motion to vacate default.  (*Id.* ¶¶ 22-25; D.E. 118.)  Plaintiff has opposed and all briefs were timely filed.  (D.E.126, 128.)

Given Rule 55's liberal standard, this Court is satisfied that there is good cause to vacate the entry of default against Defendant.  First, Plaintiff will suffer no real prejudice if the order is vacated.  Default was entered on February 10, 2017, but Plaintiff has never obtained a default judgment.[1]  Second, Defendant has articulated a viable defense to Plaintiff's claims – namely that George Mattia ("Mattia") is responsible for any wrongful conduct and has filed crossclaims against Mattia on that basis.  Finally, although Defendant has not been a perfect litigant, he has indicated that his failure to appropriately respond to orders and motions was not intentional and was due to his failure to properly retain counsel. After examining the record as a whole, the circumstances support granting Defendant's motion.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Vacate is **GRANTED**.  An appropriate order follows.

---

[1] Plaintiff contends that it will "be prejudiced by vacating the Default approximately 4.5 years after its entry due to the fact that the witnesses' memories of the events that led to the Complaint being filed may have been affected by the passage of time and may no longer be available to testify at trial." (D.E. 126.)  However, the delay cannot be laid entirely at Defendant's feet.  Default was entered against Defendant on February 10, 2017, yet Plaintiff waited until June 28, 2017 to move for default judgment. In addition, although Plaintiff initially requested reinstatement of this case in April 2019, when it received no response from the Court, Plaintiff waited until December 2020 to make a second request. Therefore, Plaintiff's own conduct has contributed to the delay it now complains of.

3

 

 

 

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.